IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD MARTINEZ, | § | |
| | § | |
| v. | § | CA. NO. C-07-408 |
| | § | |
| UNKNOWN RESPONDENT.[1] | § | |

MEMORANDUM AND RECOMMENDATION
TO DISMISS PETITION WITHOUT PREJUDICE

On October 19, 2007, petitioner Gerald Martinez filed a habeas petition pursuant to 28 U.S.C. § 2241 in which he complains that the Federal Bureau of Prisons ("BOP") has not given him credit for 63 days of time served from the date of his arrest. (D.E. 1, at 1). Petitioner seeks a court order requiring the BOP to calculate his sentence in a manner that will hasten his release. It is respectfully recommended that this Court dismiss the action without prejudice for lack of jurisdiction.

---

[1] Although petitioner's letter-petition does not name a respondent, the warden of Federal Corrections Institution in Marianna, Florida as petitioner's custodian is the proper respondent in this habeas action. Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

## BACKGROUND

Petitioner is currently incarcerated in the Federal Corrections Institution ("FCI") in Marianna, Florida.  On December 22, 2003, he pleaded guilty to one count of escape in violation of 18 U.S.C. § 751(a) in this Court.  United States v. Martinez, 2:03-cr-329 (S.D. Tex.); see also United States v. Martinez, 6:01-cr-7 (S.D. Tex.) (on June 25, 2001, Martinez pleaded guilty to failure to appear); United States v. Martinez, 6:00-cr-56 (on October 16, 2000, petitioner pleaded guilty to distribution of cocaine).  On March 9, 2004, this Court sentenced him to fifteen months in BOP custody, followed by three years of supervised release subject to drug testing and mental health treatment.  (D.E. 12).

Petitioner's period of supervised release began on April 8, 2005.  (D.E. 18). On August 11, 2005, Judge John D. Rainey accepted an intra-district transfer of jurisdiction to the Victoria division.  (D.E. 15).  On October 24, 2005, United States probation officer Ruben Mesa filed a report notifying the Court that petitioner had tested positive for cocaine.  Based on Officer Mesa's recommendation, Judge Rainey did not take any further action.  (D.E. 18).  On January 11, 2006, Officer Mesa filed a petition to revoke petitioner's supervised release after he moved away from his residence without giving notification.  (D.E. 19).  An arrest warrant was issued the following day.  (D.E. 21).

On April 28, 2006, petitioner was arrested by a Victoria, Texas police officer after attempting to flee from a traffic stop. (D.E. 20, at 3). On July 19, 2006, he pleaded guilty to evading arrest, domestic assault causing bodily injury, and theft in the 377th District Court of Victoria, Texas. Id. On October 24, 2006, petitioner was released from Dominguez State Jail in San Antonio, Texas and taken into federal custody. (D.E. 1, at 1). Judge Rainey formally revoked his supervised release on January 2, 2007. (D.E. 26, at 1). On the same day, petitioner was ordered to serve twenty-one months in BOP custody. Id. at 3.

Petitioner alleges that he has not received credit from the BOP for the sixty-three days he spent incarcerated between October 24, 2006 and December 25, 2006. (D.E. 1, at 1). He asks this Court to "please fix this problem." Id. at 2.

## DISCUSSION

Petitioner has filed a challenge to the manner in which the BOP calculates the length of his sentence. The proper vehicle for such a challenge is a habeas petition brought pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition filed on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration.") (citations omitted); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1988) (explaining that claims for

3

credit for time served prior to federal sentence are brought pursuant to § 2241).

Federal law and the Fifth Circuit have established that this Court lacks jurisdiction to entertain this § 2241 petition.  28 U.S.C. § 2241(a); see also Pack, 218 F.3d at 451 (explaining that § 2241 petitions "must be filed in the same district where the prisoner is incarcerated") (citations omitted); Blau v. United States, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam) (district court has no jurisdiction to consider § 2241 petition unless prisoner or custodian located within district). Petitioner is currently incarcerated at FCI Marianna in Jackson County, Florida, which is located in the Panama City Division of the Northern District of Florida. 28 U.S.C. § 89(a).  As long as he is incarcerated in FCI Marianna, petitioner must file any § 2241 petition in that court.[2]

The Fifth Circuit has explained that this Court does not have jurisdiction to address petitioner's § 2241 claim, nor does it have discretion to transfer a petition over which it lacks jurisdiction.  Lee v. Wetzel, 244 F.3d 370, 373-74 (5th Cir. 2001).  Rather, the Court is required to dismiss the motion without prejudice.  Id. at 375 ("[Petitioner]'s § 2241 petition for habeas corpus relief must be dismissed without prejudice.  [He] may file the petition in the appropriate court if he

---

[2] The law also requires that a petitioner exhaust available administrative remedies through the BOP before challenging a sentence computation matter in federal court.  See United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990).

desires."). Accordingly, it is respectfully recommended that petitioner's § 2241 habeas claim be dismissed without prejudice for lack of jurisdiction. See Pack, 218 F.3d at 454 (citing Fed. R. Civ. P. 41(b); Costello v. United States, 365 U.S. 265 (1961)).

## CONCLUSION

For the foregoing reasons, is respectfully recommended that petitioner's habeas claim be dismissed without prejudice.

Respectfully submitted this 14th day of November 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13; United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).